UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LAQUAN TRICE,<br><br>    Petitioner,<br><br>v.<br><br>MARTIN BITER, Warden,<br><br>    Respondent. | CASE NO. 1:15-CV-1433-DAD-SMS (HC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THE PETITION<br><br>(Doc. 13) |

Petitioner is a state prisoner proceeding *in pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Respondent filed a motion to dismiss the petition on the grounds that it is successive within the meaning of 28 U.S.C. § 2244(b)(2) and was filed beyond the one-year statute of limitations contained in 28 U.S.C. § 2244(d). Doc. 13. Petitioner did not file an opposition.

**I.  DISCUSSION**

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). A court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new constitutional right, made retroactive by the United States Supreme Court or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets

1 these requirements; the Petitioner must first file a motion with the appropriate court of appeals to
2 be authorized to file a second or successive petition with the district court.

3 Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by
4 this section is filed in the district court, the applicant shall move in the appropriate court of appeals
5 for an order authorizing the district court to consider the application." In other words, Petitioner
6 must obtain leave from the Ninth Circuit before he can file a second or successive petition in
7 district court. *See Felker v. Turpin*, 518 U.S. 651, 656-57 (1996). This Court must dismiss any
8 second or successive petition unless the Court of Appeals has given Petitioner leave to file the
9 petition because a district court lacks subject-matter jurisdiction over a second or successive
10 petition. *Greenawalt v. Stewart*, 105 F.3d 1268, 1277 (9th Cir. 1997).

11 Because the current petition was filed after April 24, 1996, the provisions of the
12 Antiterrorism and Effective Death Penalty Act of 1996 apply to Petitioner's current petition. *Lindh*
13 *v. Murphy*, 521 U.S. 320, 327 (1997). Petitioner has previously sought habeas relief in this district.
14 *See Trice v. Biter*, 1:11-cv-00951 LJO-SKO. The prior petition was denied on March 3, 2015.
15 (1:11-cv-00951, Doc. 66). Petitioner filed a notice of appeal and his request for a certificate of
16 appealability was denied by the Ninth Circuit on March 31, 2016. (1:11-cv-00951, Doc. 80.)
17 Petitioner filed the instant petition on September 21, 2015. Doc. 1. It raises claims that were not
18 present in the prior petition. However, this Court may not consider a successive petition without
19 leave from the Ninth Circuit. Petitioner has not demonstrated that he applied for or obtained leave
20 from the Ninth Circuit to file a second or successive petition. Therefore, this Court has no
21 jurisdiction to consider Petitioner's renewed application for relief under Section 2254 and must
22 dismiss the petition. *See Greenawalt*, 105 F.3d at 1277.

23 **I.      RECOMMENDATION**

24 Based on the foregoing, it is RECOMMENDED that:
25 Respondent's motion to dismiss the petition for writ of habeas corpus be GRANTED.
26 These findings and recommendations are submitted to the Honorable Dale A. Drozd,
27 United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and
28 Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

1 California.  Within thirty (30) days after being served with a copy, Petitioner may file written
2 objections with the Court, serving a copy on all parties.  Such a document should be captioned
3 "Objections to Magistrate Judge's Findings and Recommendations."  The Court will then review
4 the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that
5 failure to file objections within the specified time may waive the right to appeal the District
6 Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 13, 2016**             **/s/ Sandra M. Snyder**
                                                                    UNITED STATES MAGISTRATE JUDGE